# PUBLIC INTEREST
## —— LEGAL FOUNDATION ——

VIA CERTIFIED MAIL, EMAIL

October 17, 2019

Matthew Dunlap
Secretary of State of Maine
148 State House Station
Augusta, Maine 04333-0148
Email: sos.office@maine.gov


EXHIBIT A

**RE: Request for electronic copy of statewide voter registration list pursuant to NVRA**

Dear Secretary Dunlap:

My organization—an Indiana-based, 501(c)(3) organization—would like to receive or purchase an electronic copy of the Maine statewide voter registration list (the "registration list"). However, Maine law restricts access to the registration list to a "political party, or an individual or organization engaged in so-called 'get out the vote' efforts directly related to a campaign or other activities directly related to a campaign, or an individual who has been elected or appointed to and is currently serving in a municipal, county, state or federal office[.]" 21-A M.R.S. § 196-A(B). Maine law also prohibits those who receive the registration list from using it "for any purpose that is not directly related to activities of a political party, 'get out the vote' efforts directly related to a campaign or other activities directly related to a campaign." *Id.*

My organization is not a political party. My organization does not—and, in fact, cannot—engage in campaign-related activities. Maine law thus prohibits my organization from receiving the registration list and using it for research, commentary, and other purposes.

I am writing pursuant to 52 U.S.C. § 20510(b) to notify you that Maine's disclosure and use limitations violate Section 8 of the National Voter Registration Act of 1993 ("NVRA"). Those limitations also discriminate against non-political persons and entities in violation of the equal protection clause of the fourteenth amendment and burden our ability to exercise our first amendment rights.[1]

---

[1] *See, e.g., Providence Journal Co. v. Farmer*, No. 85-0602B, 1986 U.S. Dist. LEXIS 31325, at *9, *11 (D.R.I. July 25, 1986) ("Rhode Island General Law section 17-6-5 abridges the right of access to public records by excluding the public from total access to the magnetic tape of the central voter registry. … [T]he statute is a denial of First and Fourteenth Amendment protections and unconstitutional."); *Donrey Media Grp. v. Ikeda*, 959 F. Supp. 1280, 1287 (D. Haw. 1996) ("The statute, as drafted, provides dangerous precedent by allowing the state government and local municipalities to control the type of access to voter registration records that will be permitted to the press while permitting record access to political parties and certain other organizations. This clearly is an intolerable infringement upon the public's right to know and denies a means of public access to important information relative to the integrity and honesty of the elections process."); *Libertarian Party of Ind. v. Marion Cty. Bd. of Voter Registration*, 778 F. Supp. 1458, 1465 (S.D. Ind. 1991) ("In light of the court's ruling that IC 3-7-7-10, as applied by the Voter Registration Board to the plaintiffs in this case, violates the plaintiffs' equal protection rights, the county Defendants are hereby ordered to provide copies of Registration Lists to the plaintiff New Alliance and Libertarian

Congress enacted the NVRA, in part, "to protect the integrity of the electoral process" and "to ensure that accurate and current voter registration rolls are maintained." 52 U.S.C. 20501(b)(3)-(4). To reach those goals, the NVRA requires each state to "make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1). This provisions "convey[s] Congress's intention that the public should be monitoring the state of the voter rolls and the adequacy of election officials' list maintenance programs." *Bellitto v. Snipes*, No. 16-cv-61474, 2018 U.S. Dist. LEXIS 103617, at *12-13 (S.D. Fla. Mar. 30, 2018).

Federal law thus requires not only public access to, but duplication of, official voter registration lists, so that the public can effectively monitor the actions of election officials. Maine law prevents what the NVRA requires.

Recently, the federal district court in Maryland struck down a Maryland law that limited access to the voter list to Maryland registered voters. *Judicial Watch, Inc. v. Lamone*, Civil Action No. ELH-17-2006, 2019 U.S. Dist. LEXIS 134151 (D. Md. Aug. 8, 2019). The court ruled that the voter registration list is a public record under the NVRA and that the NVRA supersedes and preempts Maryland's registered-voter requirement. *Id.* at *25-45. Maryland was ordered to provide the voter list to the requestor, an out-of-state organization.

Like Maryland's registered-voter requirement, Maine's disclosure and use limitations are superseded and preempted by the NVRA. Pursuant to the NVRA's public disclosure requirements, we therefore request that your office provide us with an electronic copy of the statewide voter registration list.

As the State's chief election official, you are responsible for ensuring that Maine complies with the NVRA. A denial of our request would violate the NVRA. The NVRA authorizes private lawsuits to enforce its provisions. 52 U.S.C. § 20510(b)(2).

Please contact me at lchurchwell@publicinterestlegal.org. Thank you for your service on this matter.

Sincerely,

Logan Churchwell
Communications & Research Director
Public Interest Legal Foundation
lchurchwell@publicinterestlegal.org

---

parties in the same forms and manners and on the same terms as such lists are distributed to major political parties[.]").

2