UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC., | ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) ) |
| MATTHEW DUNLAP, in his official capacity as Secretary of State for the State of Maine, | ) ) ) ) ) |
| Defendant. | ) |

Civil No. 1:20-cv-00061-GZS

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Matthew Dunlap, in his official capacity as the Maine Secretary of State, answers Plaintiff's Complaint for Declaratory and Injunctive Relief ("complaint") as follows:

1. Defendant denies the allegations in paragraph 1.

2. Defendant admits that venue is proper in this district.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4. Defendant admits the allegations in paragraph 4.

5. Defendant admits that he is being sued only in his official capacity as Maine's Secretary of State.

6. Defendant admits that Title 21-A, Section 196-A of the Maine Revised Statutes ("M.R.S.") sets forth certain requirements for access to information contained electronically in

Maine's central voter registration system and any reports or information generated by that system.  Defendant denies the remaining allegations in paragraph 6.

7.	Paragraph 7 quotes language from a statute and, as such, does not require a response.  To the extent a response is required, defendant admits that the quoted language appears in that statute, 21-A M.R.S. § 196-A(1).  Defendant denies the remaining allegations in paragraph 7.

8.	Paragraph 8 contains legal argument to which no response is required.  To the extent a response is required, defendant admits that the language in the indented, single-spaced quotation in paragraph 8 appears in statute, 21-A M.R.S. § 196-A(1)(B), and that the voter information listed in the quoted language may be obtained upon request by certain individuals and entities for limited purposes as specified in § 196-A(1)(B).  Defendant denies the remaining allegations in paragraph 8.

9.	Paragraph 9 paraphrases statements contained in correspondence sent by the Secretary of State's office to plaintiff, attached as Exhibit E to the complaint and, as such, does not require a response.  To the extent a response is required, defendant admits that a report that contains the specific fields of data described in 21-A M.R.S. § 196-A(1)(B) is referred to by his office as a "party/campaign use voter file."  Defendant denies the remaining allegations in paragraph 9.

10.	Paragraph 10 contains legal argument and quotes language from a statute, 21-A M.R.S. § 196-A(1)(B) to which no response is required.  To the extent a response is required, defendant admits that the language quoted on lines 2 through 4 of paragraph 10 appears in that statute.  Defendant denies the remaining allegations in paragraph 10.

11. Paragraph 11 contains legal argument to which no response is required. To the extent a response is required, defendant admits that 21-A M.R.S. § 196-A(1)(B) describes the types of voter record information that may be produced in a report and purchased by certain types of individuals and entities by making a request to the Secretary of State, or to a registrar if the information requested concerns voters in a particular municipality. Defendant denies the remaining allegations in paragraph 11.

12. Defendant admits that the types of entities and individuals described in 21-A M.R.S. § 196-A(1)(B) are the only ones expressly authorized to purchase a report, referred to by the Secretary of State's office as a "party/campaign use voter file," containing all of the specific fields of data described in § 196-A(1)(B). Defendant denies the remaining allegations in paragraph 12.

13. Paragraph 13 contains legal argument to which no response is required. To the extent a response is required, defendant admits that the text quoted on lines three through six of paragraph 13 appears in 21-A M.R.S. § 196-A(1)(B). Defendant denies that paragraph 13 fairly describes the cited statute and denies the remaining allegations in paragraph 13.

14. Paragraph 14 quotes language from a federal statute to which a response is not required. To the extent a response is required, defendant admits that the language quoted in paragraph 14 is contained in, but is not the full text of, 52 U.S.C. § 20507(i)(1) of the NVRA, which is known as the "Public Disclosure Provision." Defendant denies all other allegations in paragraph 14.

15. Paragraph 15 contains legal argument to which no response is required. To the extent a response is required, defendant denies that paragraph 15 fairly describes the cited decision and denies the remaining allegations in paragraph 15.

16. Paragraph 16 contains legal argument to which no response is required. To the extent a response is required, defendant denies that paragraph 16 fairly describes the cited decision and denies the remaining allegations in paragraph 16.

17. Defendant admits that the correspondence attached to the complaint as Exhibit A was emailed to the defendant on October 17, 2019, and that the correspondence in part requested "an electronic copy of the Maine statewide voter registration list." Defendant denies the remaining allegations in paragraph 17.

18. Paragraph 18 paraphrases assertions contained in the correspondence attached as Exhibit A to the complaint and, as such, does not require a response. To the extent a response is required, defendant denies the allegations in paragraph 18.

19. Paragraph 19 paraphrases assertions contained in the correspondence attached as Exhibit A to the complaint and, as such, does not require a response. To the extent a response is required, defendant denies the allegations in paragraph 19.

20. Paragraph 20 quotes from email correspondence sent by the Secretary of State's office to plaintiff, attached as Exhibit B to the complaint and, as such, does not require a response. To the extent a response is required, defendant admits that the quoted language appears in Exhibit B. Defendant denies the remaining allegations in paragraph 20.

21. Defendant admits that the correspondence attached to the complaint as Exhibit C was sent by email and certified mail to the defendant on October 29, 2019, and copied to the Maine Attorney General. Defendant denies the remaining allegations in paragraph 21.

22. Paragraph 22 paraphrases assertions contained in the correspondence attached as Exhibit C to the complaint and, as such, does not require a response. To the extent a response is required, defendant denies the allegations in paragraph 22.

23. Paragraph 23 paraphrases assertions contained in the correspondence attached as Exhibit C to the complaint and, as such, does not require a response. To the extent a response is required, defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant admits that the correspondence attached to the complaint as Exhibit D was sent to the defendant on January 29, 2020, as alleged in the first sentence of paragraph 25. The second sentence of paragraph 25 paraphrases assertions contained in the correspondence attached as Exhibit D to the complaint and, as such, does not require a response. To the extent a response is required, defendant denies the allegations in the second sentence of paragraph 25 and denies the remaining allegations in paragraph 25.

26. Paragraph 26 paraphrases assertions contained in the correspondence attached as Exhibit D to the complaint and, as such, does not require a response. To the extent a response is required, defendant admits that in the correspondence plaintiff stated the possibility that it would "pursue legal remedies through litigation." Defendant denies the remaining allegations in paragraph 26.

27. Defendant admits that Deputy Secretary of State Julie Flynn sent the letter attached to the complaint as Exhibit E to the plaintiff on January 31, 2020, as alleged in the first sentence of paragraph 27. Defendant denies that the second sentence of paragraph 27 fairly describes the letter attached as Exhibit E and denies the remaining allegations in paragraph 27.

28. Defendant denies that paragraph 28 fairly describes the communication from Deputy Secretary of State Flynn, attached as Exhibit E to the complaint, and denies the remaining allegations in paragraph 28.

29. Paragraph 29 quotes from the correspondence attached as Exhibit E to the complaint and, as such, does not require a response. To the extent a response is required, defendant admits that the quoted text appears in Exhibit E. Defendant denies that paragraph 29 fairly describes the correspondence in Exhibit E and denies the remaining allegations in paragraph 29.

30. Paragraph 30 quotes from the correspondence attached as Exhibit E to the complaint and, as such, does not require a response. To the extent a response is required, defendant admits that the quoted text appears in Exhibit E. Defendant denies that paragraph 30 fairly describes the correspondence in Exhibit E and denies the remaining allegations in paragraph 30.

31. Defendant admits the allegations in the first sentence of paragraph 31. Defendant denies that the second sentence of paragraph 31 fairly describes the correspondence attached to the complaint as Exhibit F and denies the remaining allegations in paragraph 31.

32. Paragraph 32 quotes from the correspondence attached as Exhibit F to the complaint and, as such, does not require a response. To the extent a response is required, defendant admits that the quoted text appears in Exhibit F and denies the remaining allegations in paragraph 32.

33. Defendant admits that on February 5, 2020, Deputy Secretary of State Flynn sent the letter, attached to the complaint as Exhibit G, via email to the plaintiff. Defendant denies the remaining allegations in paragraph 33.

## COUNT I

34. Defendant repeats and realleges his responses to paragraphs 1 through 33 as if fully set forth in this paragraph.

35. Defendant admits that his office has access to the central voter registration system and records contained therein. Defendant denies the remaining allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Paragraph 38 contains legal argument to which no response is required. To the extent a response is required, defendant admits that 21-A M.R.S. § 196-A(1)(B) specifies the types of individuals and entities that are authorized to purchase an electronic report containing the fields of voter record information described in that section of statute. Defendant denies the remaining allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Paragraph 40 contains legal argument to which no response is required. To the extent a response is required, defendant admits that 21-A M.R.S. § 196-A(1)(B) provides certain prohibitions and restrictions on the use and distribution of data obtained pursuant to § 196-A(1)(B). Defendant denies that paragraph 40 fairly describes those prohibitions and denies the remaining allegations in paragraph 40.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies them.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant admits that the defendant received the letter attached to the complaint as Exhibit C. Defendant denies the remaining allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 about what the organizational mission of the Foundation may be and therefore denies them. Defendant denies the remaining allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

## AFFIRMATIVE DEFENSES

Expressly reserving the right to amend or supplement the defenses set forth below, and reserving and not waiving any defenses, Defendant asserts the following affirmative defenses to the Complaint:

1. The Complaint fails to state a claim on which relief can be granted.

2. The Court lacks subject matter jurisdiction.

3. Some or all of plaintiff's claims are not justiciable.

4. Plaintiff lacks standing to bring some or all of these claims.

5. Plaintiff's claims are barred in whole or in part by sovereign immunity and/or by the Eleventh Amendment.

6. Plaintiff's claims are barred in whole or in part by waiver or estoppel.

7. Plaintiff is not entitled to equitable relief.

Defendant prays for judgment against plaintiff on all counts in the Complaint and for such other relief as the Court deems just and appropriate, including attorneys' fees and costs.

Dated: March 16, 2020

AARON M. FREY
Attorney General

/s/ Phyllis Gardiner
PHYLLIS GARDINER
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8830

Attorneys for Defendant

CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of March 2020, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants as identified in the CM/ECF electronic filing system for this matter.

Dated: March 16, 2020

/s/ Phyllis Gardiner
PHYLLIS GARDINER
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8830