**United States District Court**
**District of Maine**

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.** | |
| *Plaintiff,* | |
| *v.* | |
| **SHENNA BELLOWS,** in her official capacity as the Secretary of State for the State of Maine | Case No. 1:20-cv-00061-GZS |
| *Defendant.* | |

### Plaintiff Public Interest Legal Foundation's Statement of Material Facts

Pursuant to Local Rule 56(b), Plaintiff Public Interest Legal Foundation ("Foundation")

submits that there is no genuine, material issue to be tried for each of the following facts:

***The NVRA's Public Disclosure Provision***

1.      Section 8(i)(1) of the National Voter Registration Act of 1993 ("NVRA")

provides,

> Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered.

52 U.S.C. § 20507(i)(1) (hereafter, the "Public Disclosure Provision").

2.      The Secretary is required to comply with the NVRA's Public Disclosure

Provision. Deposition Transcript of Julie Flynn at 19:25-21:20 (attached as Exhibit A to

Affidavit of Noel H. Johnson ("Johnson Aff."); Defendant's Response to Plaintiff's Request for

Admission ("RFA") No. 1 (attached as Exhibit B to Johnson Aff.).

1

***Maine Law and the "Party/Campaign Use Voter File"***

3.      Title 21-A, Section 196-A of the Maine Revised Statutes sets forth certain requirements for access to information contained electronically in Maine's central voter registration system ("CVR") and any reports or information generated by that system. Defendant's Answer (Doc. 9) ¶ 6.

4.      Title 21-A, Section 196-A(1) of Maine Revised Statutes provides that "information contained electronically in the central voter registration system and any information or reports generated by the system are confidential and may be accessed only by municipal and state election officials for the purposes of election and voter registration administration, and by others only as provided in this section."

5.      Title 21-A, Section 196-A(1)(B) of Maine Revised Statutes permits certain individuals and entities to purchase a statewide "list or report" of the following "voter record information" from the CVR:

> [T]he voter's name, residence address, mailing address, year of birth, enrollment status, electoral districts, voter status, date of registration, date of change of the voter record if applicable, voter participation history, voter record number and any special designations indicating uniformed service voters, overseas voters or township voters.

21-A M.R.S. § 196-A(1)(B).

6.      The "list or report" described in Title 21-A, Section 196-A(1)(B) is referred to as the "Party/Campaign Use Voter File" (hereafter "Voter File"). Joint Stipulation of Material Facts (Doc. 34) ¶ 5 ("Stipulation"); Exhibit A to Johnson Aff. at 50:16-51:3; Doc. 1-5.

7.      Title 21-A, Section 196-A(1)(B) of Maine Revised Statutes restricts access to the Voter File to a "political party, or an individual or organization engaged in so-called 'get out the vote' efforts directly related to a campaign or other activities directly related to a campaign, or an

individual who has been elected or appointed to and is currently serving in a municipal, county, state or federal office[.]"

8.      Those entities and individuals described in paragraph 7 "may purchase" the Voter File or similar voter list that includes the voter data described in Section 196-A(1)(B) "by making a request to the Secretary of State or to a registrar if the information requested concerns voters in that municipality." *Id*.

9.      No other individual and entity may inspect, purchase, or otherwise receive the Voter File or similar voter list that includes the voter data described in Section 196-A(1)(B). *See id*.; Stipulation ¶ 5; Doc. 1-5.

10.     Title 21-A, Section 196-A(1)(B) prohibits those individuals and entities who receive the Voter File or similar voter lists that include the voter data described in Section 196-A(1)(B) from using it "for any purpose that is not directly related to activities of a political party, 'get out the vote' efforts directly related to a campaign or other activities directly related to a campaign."

***The Foundation***

11.     The Public Interest Legal Foundation, Inc., is a 501(c)(3) non-partisan, public interest organization incorporated and based in Indianapolis, Indiana. The Foundation seeks to promote the integrity of elections nationwide through research, education, remedial programs, and litigation. The Foundation regularly utilizes the NVRA's Public Disclosure Provision and state and federal open records laws that require government records be made available to the public. Using records and data compiled through these open records laws, the Foundation analyzes the programs and activities of state and local election officials in order to determine whether lawful efforts are being made to keep voter rolls current and accurate. The Foundation

also uses records and data to produce and disseminate reports, articles, blog and social media posts, and newsletters in order to advance the public education aspect of its organizational mission. *See* Stipulation ¶ 1; Doc. 1; Doc. 1-1.

**The Foundation's Request for Maine's "Party/Campaign Use Voter File"**

12.    On or around October 17, 2019, the Foundation sent to Defendant Maine Secretary of State ("Secretary") and the Secretary received the letter filed in this case as Docket Entry 1-1 (hereafter, the "Request Letter"). Stipulation ¶ 1; Exhibit A to Johnson Aff. at 12:11-13:4; Doc. 1-1.

13.    The Foundation's Request Letter requested an "electronic copy of the Maine statewide voter registration list" pursuant to the NVRA's Public Disclosure Provision. Stipulation ¶ 1; Doc. 1-1 at 2.

14.    The Foundation's Request letter acknowledged that Title 21-A, Section 196-A(1)(B) of Maine Revised Statutes appears to prohibit the Foundation from receiving the requested voter registration list and from using it for the Foundation's intended purposes. Stipulation ¶ 1; Doc. 1 at 2.

15.    The Foundation's Request Letter also notified the Secretary that Maine law violates the NVRA because it prohibits disclosure and certain uses of the requested statewide voter registration list. Stipulation ¶ 1; Doc. 1 at 2.

16.    On October 17, 2019, the Foundation received an email from the Secretary denying the Foundation's request for a copy of the statewide voter registration list. Stipulation ¶ 2; Doc. 1-2.

17.    The Secretary's email explained,

Our office is in receipt of your letter. You are correct that Maine law prohibits the disclosure of the voter registration list to your organization and for your purposes.

4

> Further response/ comment on current Maine law is beyond my scope. If you would like to contact the Maine attorney general's office to voice your concern about an existing Maine law, that would be the appropriate venue.

Stipulation ¶ 2; Doc. 1-2.

18.    On or around October 29, 2019, the Foundation sent to the Secretary and the Secretary received the letter filed in this case as Docket Entry 1-3 (hereafter, the "Notice Letter"). Stipulation ¶ 3; Exhibit A to Johnson Aff. at 14:16-15:5.

19.    The Notice Letter notified the Secretary that the Secretary is in violation of the NVRA for failure to permit inspection and duplication of records as required by the NVRA's Public Disclosure Provision. Stipulation ¶ 3; Doc. 1-3 at 1.

20.    The Notice Letter further notified the Secretary that if the violation of the NVRA was not cured within 90 days, a lawsuit may be filed against the Secretary, as permitted by the NVRA, 52 U.S.C. § 20510(b). Stipulation ¶ 3; Doc. 1-3 at 1.

21.    On or around January 29, 2020, the Foundation sent to the Secretary and the Secretary received the letter filed in this case as Docket Entry 1-4. Stipulation ¶ 4; Exhibit A to Johnson Aff. at 15:15-16:1.

22.    The January 29, 2020 letter notified the Secretary that the 90-day curative period afforded by the NVRA, 52 U.S.C. § 20510(b), would expire on Sunday, February 2, 2020, at the latest. Stipulation ¶ 4; Doc. 1-4 at 1.

23.    On or around January 30, 2020, the Secretary sent to the Foundation and the Foundation received the letter filed in this case as Docket Entry 1-5. Stipulation ¶ 5; Exhibit A to Johnson Aff. at 16:6-22.

24.     The Secretary's January 30, 2020 letter explained that the statewide voter registration list requested by the Foundation is known as the "party/campaign use voter file." Stipulation ¶ 5; Doc. 1-5 at 1.

25.     The Secretary's January 30, 2020 letter further explained that the Foundation's request for the Voter File is being denied because the Foundation "is not engaged in a campaign or 'get out the vote' effort." Stipulation ¶ 5; Doc. 1-5 at 1.

26.     On or around February 3, 2020, the Foundation sent to the Secretary and the Secretary received the letter filed in this case as Docket Entry 1-6. Stipulation ¶ 6; Exhibit A to Johnson Aff. at 17:15-23.

27.     The Foundation's February 3, 2020 letter confirmed that the Foundation is requesting a copy of Maine's Voter File. Stipulation ¶ 6; Doc. 1-6 at 1.

28.     The Foundation's February 3, 2020 letter asked the Secretary "to confirm by 2:00 pm EST on February 4, 2020 whether you will permit us to inspect and duplicate (or otherwise purchase and receive) the 'party/campaign use voter file' with the data fields described by 21-A M.R.S § 196-A(1)(B)." Stipulation ¶ 6; Doc. 1-6 at 2.

29.     On or around February 5, 2020, the Secretary sent to the Foundation and the Foundation received the letter filed in this case as Docket Entry 1-7. Stipulation ¶ 7; Exhibit A to Johnson Aff. at 18:3-18.

30.     The Secretary's February 5, 2020 letter confirmed that the Foundation's request for the Voter File is denied. Stipulation ¶ 7; Doc. 1-7 at 1.

31.     Prior to the filing of this action, the Foundation requested from the Secretary Maine's Voter File, which is described in Title 21-A, Section 196-A(1)(B) of Maine Revised

Statutes. Stipulation ¶ 8; Exhibit A to Johnson Aff. at 7:8-10; Exhibit B to Johnson Aff. at RFA No. 6.

32.     The Secretary denied the Foundation's request for a copy of Maine's Voter File. Stipulation ¶ 9; Exhibit A to Johnson Aff. at 18:23-25; Exhibit B to Johnson Aff. at RFA No. 7.

***Maine's Central Voter Registration System, Voter List Maintenance Activities, and the "Party/Campaign Use Voter File"***

33.     Election officials in Maine, including the Secretary, use the CVR to carry out the voter registration functions required by federal and state law. Defendant's Response to Plaintiff's Interrogatory ("Interrogatory") No. 1 (attached as Exhibit C to Johnson Aff.); *see* Exhibit A to Johnson Aff. at 23:5- 26:2; 29:23-30:4; 30:18-31:11.

34.     The CVR was implemented to comply with the Help America Vote Act of 2002 ("HAVA") and was designed to standardize and centralize the registration of voters statewide, Exhibit C to Johnson Aff. at Interrogatory No. 1; *see also* Exhibit D to Johnson Aff. at 1, and allowed Maine to have "one statewide database of records," Exhibit A to Johnson Aff. at 32:6.

35.     The CVR is comprised of two components, a database and a software application. Exhibit A to Johnson Aff. at 39:5-12; 29:20-22. The database component is made up of tables that contain voter record information for each registered voter. Exhibit A to Johnson Aff. at 7:23-24; 35:23-38:12; 38:17-39:4; Exhibit C to Johnson Aff. at Interrogatory No. 2 ("The CVR database contains voter registration record information as required by state law, 21-A M.R.S. § 152…."). The application component allows the user to view and maintain the voter record information contained in the database. Exhibit A to Johnson Aff. at 39:5-12. When a voter registration applicant's information is entered into the CVR software application, it is saved in the database tables. Exhibit A to Johnson Aff. at 29:20-22; 40:18-41:6. The following voter record information is maintained in the CVR for each registered voter:

    a.   Name. Exhibit A to Johnson Aff. at 36:3-5.

    b.   Residential address. Exhibit A to Johnson Aff. at 36:6-7.

    c.   Mailing address. Exhibit A to Johnson Aff. at 36:8-9.

    d.   Complete date of birth. Exhibit A to Johnson Aff. at 36:10-12.

    e.   Enrollment status. Exhibit A to Johnson Aff. at 36:13-14.

    f.   Electoral district. Exhibit A to Johnson Aff. at 36:20-22.

    g.   Voter status. Exhibit A to Johnson Aff. at 36:23-24.

    h.   Date of registration. Exhibit A to Johnson Aff. at 37:6-8.

    i.   Date of updates or changes to voter record information. Exhibit A to Johnson Aff. at 37:9-15.

    j.   Voter participation history. Exhibit A to Johnson Aff. at 37:16-18.

    k.   Voter record number. Exhibit A to Johnson Aff. at 37:19-21.

    l.   Indication that the registrant is a uniformed service member or overseas voter, if applicable. Exhibit A to Johnson Aff. at 38:9-12.

*See also* Exhibit A to Johnson Aff. at 40:18-25.

36.    Maine has programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. Exhibit A to Johnson Aff. at 21:21-22:2.

37.    The CVR is used to carry out Maine's programs and activities conducted to keep the list of eligible voters current and accurate, Exhibit A to Johnson Aff. at 50:6-9, including, creating new voter registration records, Exhibit A to Johnson Aff. at 39:13-15, making changes and updates to voter record information, Exhibit A to Johnson Aff. at 42:8-16; 43:22-44:8, cancelling a voter registration record, Exhibit A to Johnson Aff. at 44:9-11, and maintaining

voter participation history, Exhibit A to Johnson Aff. at 49:13-50:5; *see also* Exhibit C to Johnson Aff. at Interrogatory No. 4.

38.      The CVR is used to generate the Voter File. Exhibit A to Johnson Aff. at 50:10-15; 52:8-11; *see also* Exhibit C to Johnson Aff. at Interrogatory No. 3; *see also* Exhibit D to Johnson Aff. at 2.

39.      The voter record information contained in the Voter File, *see supra* ¶¶ 5, 35, is derived and pulled from the voter record information stored in the CVR database tables for each eligible registrant. Exhibit A to Johnson Aff. at 52:18-54:13; Exhibit C to Johnson Aff. at Interrogatories No. 8 and No. 9.

40.      The Voter File "captures data on voters who are eligible to vote in Maine as of the date the report is generated." Exhibit B to Johnson Aff. at RFA No. 3.

41.      When voter record information is added, updated, changed, or deleted in the CVR database, those changes are reflected in the Voter File the next time it is generated. Exhibit A to Johnson Aff. at 55:25-56:8.

42.      The voter record information contained in the Voter File is current as of the date the Voter File is generated. Exhibit A to Johnson Aff. at 7:11-14.