# Exhibit B

Defendant's Responses to Plaintiff's First Set of Requests for Admission

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC., <br><br> Plaintiff <br><br> v. <br><br> MATTHEW DUNLAP, in his official capacity as Secretary of State for the State of Maine, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Civil No. 1:20-cv-00061-GZS |

### DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Fed. R. Civ. P. 36, the defendant Secretary of State in his official capacity ("Secretary"), by and through his undersigned attorneys, responds as follows to the plaintiffs' First Set of Requests for Admission, dated June 1, 2020.

### GENERAL OBJECTIONS

1. The Secretary objects to these Requests for Admission and accompanying definitions and instructions to the extent that they seek to impose an obligation on him beyond that found in the Federal Rules of Civil Procedure. The Secretary will respond in accordance with the Federal Rules of Civil Procedure.

2. The Secretary objects to each request for admissions to the extent it seeks information that is shielded from discovery by (A) the attorney-client privilege, (B) the work-product doctrine, (C) confidentiality laws, and (D) the general rule forbidding inquiry into the

1

mental processes of an administrative decision maker, *see Carl Cutler Co. v. State Purchasing Agent*, 472 A.2d 913, 918 (Me. 1984).

### REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION No. 1.** Admit that you are required to "maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. . ." as required by Section 8 of the National Voter Registration Act of 1993, 52 U.S.C. § 20507(i)(1).

RESPONSE:  Defendant admits that each State is required to comply with the requirements expressed in the language quoted above from Section 8 of the NVRA and that in Maine, those obligations are shared by the Secretary of State and local election officials. Defendant denies the remainder of RFA No. 1.

**REQUEST FOR ADMISSION No. 2.** Admit that the Party/Campaign Use Voter File is a record concerning the implementation of Maine's programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters.

RESPONSE:  Denied.

**REQUEST FOR ADMISSION NO. 3:** Admit that the Party/Campaign Use Voter File is a current list of eligible voters at the time it is generated.

RESPONSE:  Defendant admits that the report generated by Maine's Central Voter Registration System ("CVR") that is referred to as the Party/Campaign Use Voter File captures data on voters who are eligible to vote in Maine as of the date the report is generated.  Defendant denies the remainder of this Request for Admissions ("RFA").

**REQUEST FOR ADMISSION NO. 4:** Admit that the Party/Campaign Use Voter File is generated from Voter Record Information contained in the Central Voter Registration System.

RESPONSE: Defendant admits that the Party/Campaign Use Voter File, as defined in the Definitions section of this RFA, is a report generated by the Central Voter Registration System ("CVR") that contains the categories of information contained in voter records and specifically listed in the definition of "Voter Record Information" provided in this RFA. Defendant denies the remainder of RFA No. 4.

**REQUEST FOR ADMISSION NO. 5:** Admit that Voter Record Information used for the Party/Campaign Use Voter File is generated from applications for voter registration.

RESPONSE: Defendant admits that some of what this RFA defines as "Voter Record Information" is entered into the CVR from applications for voter registration but denies the remainder of RFA No. 5.

**REQUEST FOR ADMISSION NO. 6:** Admit that the Plaintiff requested from you a copy of the Party/Campaign Use Voter File.

RESPONSE: Defendant admits that in correspondence, dated February 3, 2020 (attached as Exhibit F to Plaintiff's Complaint), Plaintiff clarified that the "list" it was requesting was a copy of the Party/Campaign Use Voter File, as described in the Definitions section of this RFA.

**REQUEST FOR ADMISSION NO. 7:** Admit that you denied Plaintiff's request for a copy of the Party/Campaign Use Voter File.

RESPONSE: Defendant admits that his office denied plaintiff's request for an electronic copy of the report referred to as a "party/campaign use voter file," as explained in the correspondence attached as Exhibits E and G to Plaintiff's Complaint.

**REQUEST FOR ADMISSION NO. 8:** Admit that you have custody or control over the Party/Campaign Use Voter File.

RESPONSE: Defendant admits that his office has access to the CVR and the ability to generate a report defined in this RFA as a "Party/Campaign Use Voter File." Defendant denies the remainder of RFA No. 8 because the CVR is an interactive database that is accessed and used daily by local election officials across the state and, therefore, is not entirely within Defendant's custody or control.

**REQUEST FOR ADMISSION NO. 9:** Admit that Plaintiff is prohibited by Maine law from receiving a copy of the Party/Campaign Use Voter File.

RESPONSE: Defendant admits that Plaintiff's request for an electronic copy of the Party/Campaign Use Voter File did not qualify Plaintiff to receive an electronic copy of that report, pursuant to 21-A M.R.S. §196-A(1)(B). Defendant denies the remainder of RFA No. 9.

Dated: July 31, 2020

AARON M. FREY
Attorney General

*/s/ Phyllis Gardiner*
PHYLLIS GARDINER
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8830

Attorneys for Defendant Secretary of State in his official capacity

CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2020, the foregoing document was served on the following counsel of record:

NOEL H. JOHNSON* (Wisconsin Bar #1068004)
KAYLAN L. PHILLIPS* (Indiana Bar #30405-84)
PUBLIC INTEREST LEGAL FOUNDATION, INC.
32 E. Washington St., Ste. 1675 Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
njohnson@PublicInterestLegal.org
kphillips@PublicInterestLegal.org
* Motion for admission pro hac vice filed

STEVE C. WHITING
THE WHITING LAW FIRM
75 Pearl Street, Ste. 207
Portland, ME  04101
Tel: (207) 780-0681
Fax: (207) 780-0682
steve@whitinglawfirm.com

/s/ Phyllis Gardiner
PHYLLIS GARDINER