UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHENNA BELLOWS, in her official capacity as the Secretary of State for the State of Maine,<br><br>Defendant. | Docket No. 1:20-cv-00061-GZS |

**SECRETARY OF STATE'S MOTION FOR PARTIAL STAY PENDING APPEAL**

Pursuant to Fed. R. App. P. 8(a)(1), Defendant Secretary of State Shenna Bellows hereby moves for a partial stay pending appeal of the Court's Order (ECF No. 87) and Judgment (ECF No. 88). Specifically, the Secretary seeks a stay of the Court's Order with respect to 21-A M.R.S.A. § 196-A(1)(J)(2) (West Apr. 5, 2023)—which, in sum and substance, prohibits recipients of Maine's confidential statewide voter registration list (the "Voter File") from disclosing a voter's name, residential address, or street address to the general public—and the fines that can be imposed for a violation of that prohibition under 21-A M.R.S.A. § 196-A(5) (West Apr. 5, 2023).

If the Plaintiff requests the confidential statewide voter registration list (the "Voter File"), the Secretary will provide it.[1] Absent a partial stay, however, Plaintiff can publish the confidential

---

[1] To date, Plaintiff has not submitted a request form or paid the requisite fee for the Voter File. But as the Court correctly observed in its order on summary judgment: "the record suggests that the Defendant would grant Plaintiff's request for the Voter File if and when it files the requisite form and pays the applicable fee." ECF No. 87 at 17. PILF did not agree to a request by undersigned to voluntarily delay requesting the Voter File until resolution of the appeal.

personal information of the 1.1 million Maine voters contained in the Voter File as it sees fit.  As set forth in the Secretary's Cross-Motion for Summary Judgment, the Secretary, like the Maine Legislature, is primarily concerned with ensuring that such information is not made public, not only because of the harm to voters' privacy, but also because it could deter Mainers from registering to vote in the first instance (*see Sec. of State's Cross-Mot. for S.J.* (ECF No. 80) at 14-16).  Disclosure accordingly threatens irreparable harm, while any harm Plaintiff would suffer by virtue of a delay in using the Voter File to publicly disclose Maine voters' personal information is comparatively minor.  Accordingly, a partial stay pending appeal is warranted.

## LEGAL STANDARD

A motion to stay pending appeal turns on four equitable factors: "(1) [W]hether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Boston Parent Coal. for Acad. Excellence Corp. v. Sch. Cmte. of City of Boston*, 996 F.3d 37, 44 (1st Cir. 2021) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009) (alterations in original)).

Because the factors are equitable, "a strong showing of one factor may compensate for a weak showing of other factors."  *Maine v. U.S. Dep't of Interior*, No. CIV. 00-122-B-C, 2001 WL 98373, at *2 (D. Me. Feb 5, 2001).  Accordingly, a request for preserve the stats quo turns more on the balance of harms rather than on the likelihood of success on the merits.  *See id.* at *3 ("Where . . . the denial of a stay will utterly destroy the status quo, irreparably harming appellants, but the granting of a stay will cause relatively slight harm to appellee, appellants need not show an absolute probability of success . . . ." (quoting *Providence Journal Co. v. Fed. Bureau of Invest.*,

595 F.2d 889, 890 (1st Cir. 1979)). All that is required is a showing that there are "serious legal questions presented" on appeal. *Providence Journal*, 595 F.2d at 890.

Here, the balance of harms, and consideration of the public interest, and importance of the issue at hand firmly support a partial stay of this Court's Order and Judgment pending appeal.

## ARGUMENT

### I.   The Balance of Harms Weighs in Favor of Granting a Partial Stay

Maine's Voter File is confidential because it contains, among other personal information, each voter's name, residential and mailing address, year of birth, and voting history. *See* 21-A M.R.S.A. § 196-A(1)(B) (West Apr. 4, 2023). Should Plaintiff file the requisite form and pay the applicable fee during the pendency of the anticipated appeal, the Secretary will disclose that information.

While the Secretary has no objection to disclosing the Voter File, absent a partial stay, Plaintiff would be unencumbered by 21-A M.R.S.A. § 196-A(1)(J)(2) (West). It therefore may, as it has done in the past, make public the confidential personal information of Maine voters (*see Sec. of State's Cross-Mot. for S.J.* 8 (detailing Plaintiff's past disclosure of voter personal information)).

That bell cannot be un-rung. Even if the Secretary prevails on appeal, the public disclosure of personal information—and the corresponding harm to voter privacy and chilling effect on voter registration—cannot be undone.

The harm to Plaintiff, by contrast, is minimal. Plaintiff will still be able to obtain and use the Voter File. At worst, there will be a marginal additional delay in Plaintiff's ability to make public voters' personal information. Any such harm is substantially outweighed by the potential harm occasioned by wrongful disclosure. *Cf. N.E. Patients Grp. v. Me. Dep't of Admin. & Fin.*

*Servs.*, No. 1:20-cv-00468-NT, 2021 WL 5041216, at *2 (D. Me. Oct. 27, 2021) (finding delay in business transaction "slight in comparison" to irreparable harm).

In short, without a partial stay, "the very thing the Defendants are trying to prevent from happening in their appeal could come to fruition before the appeal is resolved." *N.E. Patients Grp.*, 2021 WL 5041216, at *2. A partial stay is accordingly warranted. *See Providence Journal*, 595 F.2d at 890.

## II.   The Public Interest Favors a Partial Stay

The public has a strong interest in the protection of Mainers' personal information, one that the Maine Legislature addressed when adopting Section 196-A(1)(J). That protection, in turn, encourages Mainers to participate in the voting process (*see Sec. of State's Cross-Mot. for S.J.* at 14-16). *See also* 21-A M.R.S.A. § 195 (West Apr. 4, 2023) (Historical and Statutory notes) (noting recent prior version of statute recognized "compelling state interest" in "ensur[ing] voters are not discouraged from participating in the voting process"); *Fusaro v. Howard*, 19 F. 4th 357, 369 (4th Cir. 2021) (characterizing this interest as legitimate). Moreover, the public has a strong interest "'in accurate interpretation of the' constitutional issues at hand," particularly given that interpretation may result in the invalidation of a duly-enacted state law. *N.E. Patients Grp.*, 2021 WL 5041216, at *3 (quoting *Maine v. U.S. Dep't of Interior*, No. CIV. 00-122-B-C, 2001 WL 98373, at *4 (D. Me. Feb. 5, 2001)). The public interest therefore also supports a partial stay.

## III.   The Case Involves Important Legal Issues that Warrant a Partial Stay

While the reasons the Secretary believes it will prevail on appeal are set forth in her summary judgment briefing, this case involves important and novel legal issues that justify a stay. *Providence Journal*, 595 F.2d at 890. The meaning of the National Voter Registration Act's public disclosure requirement, and specifically whether it prevents states like Maine from prohibiting the public release of voters' personal information, is a matter of first impression in this circuit, and

few courts nationwide have addressed the question. The answer to that question will ultimately dictate the extent to which states can protect voters' privacy and, concurrently, promote the exercise of the franchise.

## CONCLUSION

For the foregoing reasons, the Court should grant the Secretary's Motion and issue a partial stay of its Order and Judgment pending appeal.

Dated: April 24, 2023

AARON M. FREY
Attorney General

`/s/ Jonathan R. Bolton`
Jonathan R. Bolton
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800
jonathan.bolton@maine.gov

*Attorney for Secretary of State Shenna Bellows*