**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Docket no. 1:20-cv-00061-GZS |
| v. | ) | |
| | ) | |
| SHENNA BELLOWS, in her official capacity as the Secretary of State for the State of Maine, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR PARTIAL STAY PENDING APPEAL**

Before the Court is a Motion for a Partial Stay Pending Appeal filed by Defendant Shenna Bellows ("Defendant") (ECF No. 93).  Having considered the Motion and related filings (ECF Nos. 94 & 95), the Court GRANTS Defendant's Motion for the reasons stated herein.

**I.     LEGAL STANDARD**

"A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 556 U.S. 418, 433 (2009) (citation omitted).  "It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case."  Id. (cleaned up).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  Id. at 433-34.

In considering a motion to stay a judgment pending appeal, a court evaluates four factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Id. at 434 (citation omitted); see Does 1-3 v. Mills, 39 F.4th 20, 24 (1st Cir.

2022).  "The first two factors of [this] standard are the most critical."  Nken, 556 U.S. at 434; see

Does 1-3, 39 F.4th at 24.  With respect to the first factor, "[i]t is not enough that the chance of

success on the merits be better than negligible" or "a mere possibility."  Nken, 556 U.S. at 434

(cleaned up).  Nor is it sufficient, in addressing the second factor, to "simply show[] some

possibility of irreparable injury."  Id.  (cleaned up).

## II.    BACKGROUND

On March 28, 2023, this Court issued an order on the parties' cross-motions for summary

judgment, granting Plaintiff Public Interest Legal Foundation, Inc.'s ("Plaintiff") motion (ECF No.

74) and denying Defendant's motion (ECF No. 81).  (See 3/28/23 Order (ECF No. 87), PageID #

919.)  The Court based that decision on its determination that the Public Disclosure Provision of

the National Voter Registration Act (52 U.S.C. § 20507(i)(1)) preempts Maine's restrictions (as

set forth in 21-A M.R.S.A. § 196-A(1)(J) ("Exception J")) on the use and disclosure of its statewide

voter registration list (the "Voter File").[1]  (See id.)  "The Court also [found] that the Public

Disclosure Provision preempts the fines imposed by 21-A M.R.S.A. § 196-A(5) for a violation of

Exception J."  (Id.)  While granting Plaintiff declaratory relief, the Court concluded that the

summary judgment record did not support permanent injunctive relief.  (See id.)  Consistent with

the Court's decision, the Clerk entered judgment in favor of Plaintiff on Counts Two and Three of

the Amended Complaint.  (See 3/28/23 Judgment (ECF No. 88), PageID # 921.)

Thereafter, in April 2023, Defendant filed a Notice of Appeal (ECF No. 89) and the instant

Motion to Stay Pending Appeal.

---

[1] The Voter File consists of "the voter's name, residence address, mailing address, year of birth, enrollment status, electoral districts, voter status, date of registration, date of change of the voter record if applicable, voter participation history, voter record number and any special designations indicating uniformed service voters, overseas voters or township voters."  21-A M.R.S.A. § 196-A(1)(B).

### III.   DISCUSSION

Defendant "seeks a stay of the Court's Order with respect to 21-A M.R.S.A. § 196-A(1)(J)(2) . . . and the fines that can be imposed for a violation of that prohibition under 21-A M.R.S.A. § 196-A(5)." (Def. Mot. (ECF No. 93), PageID # 925.)  She does not seek a stay of this Court's Order with respect to 21-A M.R.S.A. § 196-A(1)(J)*(1)* and the associated fines for a violation of that prohibition.  Accordingly, were the Court to grant Defendant's requested stay, any "individual or organization that is evaluating Maine's compliance with its voter list maintenance obligations" would still be permitted to engage in the activity proscribed by 21-A M.R.S.A. § 196-A(1)(J)(1), which this Court found precluded by the Public Disclosure Provision. As such, Plaintiff would be permitted to "[s]ell, transfer to another person or use the voter information or any part of the information for any purpose that is not directly related to evaluating the State's compliance with its voter list maintenance obligations."  21-A M.R.S.A. § 196-A(1)(J)(1).  It would only be restricted from "[c]aus[ing] the voter information or any part of the voter information that identifies, or that could be used with other information to identify, a specific voter, including but not limited to a voter's name, residence address or street address, to be made accessible by the general public on the Internet or through other means."  Id. § 196-A(1)(J)(2).

In support of Defendant's request for this partial stay, she contends that her "appeal has a substantial chance of success on the merits . . . for two reasons in particular:" (1) "the applicability of 52 U.S.C. § 20507(i) to a static list of personal information generated from [Maine's Central Voter Registration] system is, at the very least, a close question of statutory interpretation"; and (2) there is little "caselaw, controlling or otherwise, on the extent to which § 20507(i) preempts state laws seeking to protect the privacy of voter information." (Def. Reply (ECF No. 95), PageID #s 942-43.)  "Absent a partial stay," Defendant asserts, "Plaintiff can publish the confidential

3

personal information of the 1.1 million Maine voters contained in the Voter File as it sees fit," which would harm "voters' privacy" and "deter Mainers from registering to vote in the first instance." (Def. Mot., PageID # 926; see Def. Reply, PageID #s 940-41.) Defendant maintains that the Voter File's potential disclosure "threatens irreparable harm, while any harm Plaintiff would suffer by virtue of a delay in using the Voter File to publicly disclose Maine voters' personal information is comparatively minor." (Def. Mot., PageID # 925.) She also stresses that "this case involves important and novel legal issues that justify a stay." (Id., PageID # 927.)

While this Court agrees that this case presents important and novel legal issues without the benefit of substantial relevant caselaw, it is not convinced that this fact demonstrates Defendant's likelihood of success on the merits on appeal. See Nken, 556 U.S. at 434. Nevertheless, in considering the other critical factor of irreparable harm, the Court acknowledges that the Voter File contains sensitive information about Maine voters and that its disclosure "may conceivably inhibit voter registration in some instances." (3/28/23 Order, PageID #s 916-17 (citation and internal quotation marks omitted)); see 21-A M.R.S.A. § 196-A(1)(B) (detailing Voter File contents). The type of disclosure that would be permitted absent a stay – that is, disclosure to "the general public on the Internet or through other means"[2] – would affect a large population and be incalculably far-reaching. And while the "potential shortcoming[s]" of disclosure "must be balanced against [its] many benefits,"[3] the Court is mindful that the disclosure is a "bell [that] cannot be un-rung," (Def. Mot., PageID # 927). The Court therefore concludes that failing to issue a partial stay would "'destroy [Defendant's] rights to secure meaningful review' on appeal." NCTA – Internet & Television Ass'n v. Frey, No. 2:19-CV-420-NT, 2020 WL 2529359, at *2 (D. Me. May 18, 2020)

---

[2] 21-A M.R.S.A. § 196-A(1)(J)(2).

[3] 3/28/23 Order, PageID # 918 (citation and internal quotation marks omitted).

(quoting Providence J. Co. v. FBI, 595 F.2d 889, 890 (1st Cir. 1979)). The Court also finds the public interest factor impacted by such considerations, as the disclosure directly affects the privacy of Maine voters. Finally, the Court concludes that the potential delay Plaintiff would face in its ability to publicly disclose the Voter File to the general public would not constitute a substantial injury to Plaintiff. See Nken, 556 U.S. at 434. Moreover, as noted previously, Plaintiff would remain free to obtain the Voter File and use it as specified in 21-A M.R.S.A. § 196-A(1)(J)(1).

Having carefully considered the parties' briefing and balanced the relevant factors, the Court concludes that Defendant has met her "burden of showing that the circumstances justify an exercise of [this Court's] discretion" to issue a partial stay. Id. at 433-34; see Maine v. U.S. Dep't of Interior, No. CIV. 00-122-B-C, 2001 WL 98373, at *2 (D. Me. Feb. 5, 2001) ("The consideration of [the] factors [evaluated for a stay] is an equitable one and a strong showing of one factor may compensate for a weak showing of other factors.").

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for a Partial Stay Pending Appeal (ECF No. 93) is hereby GRANTED. Accordingly, pending resolution of Defendant's appeal, Plaintiff is prohibited from "[caus]ing the voter information or any part of the voter information [listed in 21-A M.R.S.A. § 196-A(1)(B)] that identifies, or that could be used with other information to identify, a specific voter, including but not limited to a voter's name, residence address or street address, to be made accessible by the general public on the Internet or through other means." 21-A M.R.S.A. § 196-A(1)(J)(2).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 7th day of June, 2023.