United States District Court
District of Maine

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.** *Plaintiff,* <br><br> v. <br><br> **SHENNA BELLOWS,** in her official capacity as the Secretary of State for the State of Maine <br><br> *Defendant.* | Case No. 1:20-cv-00061-GZS |

**Plaintiff Public Interest Legal Foundation's**
**Motion for Attorney's Fees, Costs, and Expenses**

Pursuant to 52 U.S.C. § 20510(c), Fed. R. Civ. P. 54(d)(2)(B), and Local Rule 54.2, Plaintiff Public Interest Legal Foundation, Inc. ("Foundation") hereby moves for an order granting the Foundation reasonable attorney's fees, costs, and expenses. With this Motion, the Foundation requests $197,676.00 in attorney's fees and $5,498.42 in costs and expenses. The Foundation requests the opportunity to supplement this Motion with related fees, costs, and expenses incurred after the submission of this Motion.[1]

As grounds for this motion, the Foundation states that (1) it is the prevailing party in this action under 52 U.S.C. § 20510(c), and (2) the requested fees, costs, and expenses are fair and reasonable. In support of this Motion, the Foundation submits the accompanying memorandum of law, along with the declarations of Noel H. Johnson, Stephen M. Whiting, and Bruce Hepler, and the exhibits attached thereto.

---

[1] This Motion requests reimbursement for time billed through March 24, 2024.

**MEMORANDUM OF LAW**

Plaintiff Public Interest Legal Foundation, Inc. ("Foundation") is the prevailing party in this action and is therefore entitled to recover reasonable attorney's fees, costs, and expenses under the fee-shifting provision of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(c).

After Defendant Bellows ("Secretary") denied the Foundation access to Maine's "Party/Campaign Use Voter File" ("Vote File"), the Foundation filed this action seeking an order compelling production of the Voter File. (Doc. 1.) Amid a global pandemic, the parties expended significant resources conducting discovery and drafting summary judgment motions. At the eleventh hour, the Maine Legislature, at the request of the Secretary, amended the challenged law to add "Exception J," 21-A M.R.S. § 196-A(1)(J), which purported to make the Voter File available to the Foundation. Exception J's grant of access was largely in name only. The amended law added use restrictions and punished misuse with significant fines. 21-A M.R.S. § 196-A(1)(J)(1)-(2), (5).

The Foundation amended its complaint to add claims that the NVRA preempted Exception J's use restrictions and associated fines. (Doc. 55.) The Foundation reiterated its prayer for attorney's fees, costs, and expenses. (Doc. 55, Prayer for Relief ¶ 6.) The Foundation then prevailed on the Secretary's motion to dismiss (Doc. 61) and cross-motions for summary judgment (Docs. 87-88). On February 2, 2024, the First Circuit Court of Appeals affirmed this Court's judgment. *Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36 (1st Cir. 2024).

This Court's summary judgment order, as affirmed by the First Circuit, is an enforceable judgment that entitles the Foundation to the relief is sought. For that reason, the Foundation is the prevailing party under the NVRA's fee-shifting provision, 52 U.S.C. § 20510(c), and the Foundation is entitled to recover its attorney's fees, costs, and expenses, as described herein.

1

# ARGUMENT

I. **The Foundation Is Entitled to an Award of Reasonable Attorney's Fees, Costs, and Expenses.**

   A. **The NVRA Is Subject to the Same Fee-Shifting Standards Used for Other Civil Rights Statutes.**

The NVRA provides, "In a civil action under this section, the court may allow the prevailing party (other than the United States) reasonable attorney fees, including litigation expenses, and costs." 52 U.S.C. § 20510(c). The term "prevailing party" is a "legal term of art," *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) ("*Buckhannon*") that has been consistently construed to mean the same thing in each fee-shifting statute that uses it, *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'") (construing fee-shifting provision of 42 U.S.C. § 1988).

Accordingly, courts interpreting the NVRA's fee-shifting provision have concluded that the NVRA is subject to the same standards that apply in other civil rights cases. *See Pub. Int. Legal Found. v. Schmidt*, No. 1:19-CV-622, 2023 U.S. Dist. LEXIS 186589, at *5 (M.D. Pa. Oct. 17, 2023) ("The standards for determining whether to award attorneys' fees and the extent of such an award are the same under the NVRA as other civil rights statutes."); Doc. 84, *Public Interest Legal Foundation v. Bennett*, No. 4:18-cv-00981 (entered Jan. 26, 2021) ("The threshold question when determining whether to award attorney's fees under a statute that authorizes such an award is whether the movant is a 'prevailing party.'"); *Project Vote/Voting for Am. v. Long*, 887 F. Supp. 2d 704, 708-09 (E.D. Va. 2012) ("Courts apply the same standards applicable to other federal civil rights fee shifting statutes when considering an award under [52 U.S.C. § 20510(c)]."); *True the Vote v. Hosemann*, No. 3:14-CV-532-NFA, 2014 U.S. Dist. LEXIS 201659, at *8 (S.D. Miss. Oct.

17, 2014) ("If these are not 'civil rights' *per se*, they are so closely akin to such rights that the same fee shifting standards should apply.").

### B. The Foundation Is the Prevailing Party.

A party is considered a prevailing party "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal citations omitted). "[A]t a minimum … the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) (construing 42 U.S.C. § 1988). The "material alternation of the legal relationship of the parties" is the "touchstone of the prevailing party inquiry." *Tex. State Teachers Ass'n*, 489 U.S. at 792-93. A material alteration occurs if "the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992).

The First Circuit has distilled Supreme Court precedent down to two outcomes that establish prevailing party status: "(1) where the party has 'received a judgment on the merits' or (2) where the party 'obtained a court-ordered consent decree.'" *Castañeda-Castillo v. Holder*, 723 F.3d 48, 57 (1st Cir. 2013) (citing *Buckhannon*, 532 U.S. at 605). The Foundation is fundamentally the prevailing party under these standards because it received summary "judgment on the merits" of its claims (Doc. 87). *Id.*; *see also* Merriam-Webster, https://www.merriam-webster.com/dictionary/merit (defining "merits" as "the substance of a legal case apart from matters of jurisdiction, procedure, or form"). The Court's summary judgment order has undeniably altered the parties' legal relationship because the Foundation is now "entitled to enforce a judgment … against" the Secretary. *Farrar*, 506 U.S. at 113. Specifically, the parties' "legal relationship" is materially altered such that the Secretary must produce the Voter File and may not

3

enforce Maine statutes imposing use restrictions and fines. In other words, the Secretary is compelled to act and is also prevented from doing something she could otherwise do.

Three recent cases involving the Foundation reinforce the conclusion that the Foundation is the prevailing party here. First, in *Pub. Int. Legal Found. v. Schmidt*, the Foundation prevailed on its summary judgment motion and received a judgment entitling the Foundation to records under the NVRA. Under these circumstances, defendants did not even contest the issue: "The parties agree PILF is the prevailing party." *Pub. Int. Legal Found. v. Schmidt*, No. 1:19-CV-622, 2023 U.S. Dist. LEXIS 186589, at *7 (M.D. Pa. Oct. 17, 2023) (on appeal (No. 23-3045 (3d Cir.)).

In *Public Interest Legal Foundation. v. Matthews*, 589 F. Supp. 3d 932, 944 (C.D. Ill. 2022), the Foundation prevailed on its summary judgment motion and received a judgment entitling the Foundation to records under the NVRA. In the summary judgment order, the court ordered defendant "to pay the Foundation its attorneys' fees, costs, and expenses." *Id*.

In *Public Interest Legal Foundation v. Bennett*, the Court entered an "Agreed Order" made between the parties, under which the Foundation "received … the relief it originally requested—for the Defendant to publicize certain documents and information—with only minor concessions." *Public Interest Legal Foundation v. Bennett*, No. 4:18-cv-00981, Doc. 84 at 3 (entered Jan. 26, 2021). The Court held the Foundation was the prevailing party within the meaning of the NVRA because "the Agreed Order (Doc. No. 76) that the Court entered does represent actual relief to the plaintiff that has changed the legal relationship of the parties." *Id*. In other words, "PILF has a court order that it can ask [the] Court to enforce if the Defendant fails to comply with it." *Id*.

Similarly, here, the Foundation received an enforceable judgment that entitles the Foundation to the relief requested in the complaint—a ruling that the requested records are within the NVRA's scope, an order compelling production of those records, and an order invalidating

Maine statutes on federal preemption grounds. The Foundation thus "has a court order that it can ask this Court to enforce if the Defendant[s] fails to comply with it." *Id*. The Foundation is the prevailing party and there is no credible argument to the contrary.

In civil rights cases like this, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley*, 461 U.S. at 429, *superseded on other grounds* (citations and quotations omitted); *see also Nat'l Coal. for Students with Disabilities v. Bush*, 173 F. Supp. 2d 1272, 1276 (N.D. Fla. 2001) ("Although these attorney's fee provisions speak in discretionary terms, a prevailing plaintiff ordinarily is entitled to an award of fees, unless special circumstances would render such an award unjust."). No such circumstances exist here. To the contrary, compensating the Foundation for its time will encourage private enforcement of the NVRA and thereby further the purpose of the NVRA's fee-shifting provision.

## II.  The Requested Fee Award Is Reasonable.

### A. The Lodestar Method Is Used to Calculate an Appropriate Fee Award.

The reasonableness of a fee award is assessed using the "lodestar," which "is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Diaz v. Jiten Hotel Mgmt.*, 741 F.3d 170, 172 n.1 (1st Cir. 2013) (citations omitted). The figure that results from the lodestar calculation is more than a rough guess or approximation of the final award to be made: "[W]hen the applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is *presumed* to be the reasonable fee…." *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (emphasis added); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

### B. The Number of Hours Expended Is Reasonable.

To establish the number of hours reasonably expended, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433. The movant "should identify the general subject matter of his time expenditures," but "is not required to record in great detail how each minute of his time was expended." *Id.* at 437 n.12.

The Foundation fulfills these obligations with the documents submitted in support of this Motion, specifically, the documents accompanying the Declaration of Noel H. Johnson ("Johnson Decl.") and the Declaration of Stephen Whiting ("Whiting Decl."). Each declaration attests to the necessity and accuracy of the time expended in this matter. The accompanying billing statements show, in detail, the tasks performed, and the time devoted to each task, based on contemporaneous time records. *See Rosie D. v. Patrick*, 593 F. Supp. 2d 325, 329 (D. Mass. 2009) ("Plaintiff[s] have fully complied with this requirement by submitting detailed, computerized time records.").

The party seeking attorney's fees should also exercise "billing judgment," *Hensley*, 461 U.S. at 437. In an exercise of billing judgment, Foundation attorneys excluded 18.4 hours from the fee request.[2] Johnson Decl. ¶ 14. These reductions have a value of $8,280. *Id*.

The Supreme Court has made clear that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar*, 506 U.S. at 114 (quoting *Hensley*, 461 U.S. at 436). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. Here, the dominant, threshold legal issue—whether the Voter File is within the NVRA's scope—was resolved in the

---

[2] The Foundation's billing entries are organized into columns. The column labeled "Gross Hours" reflects the total time billed for each task. Where a billing judgment was made, the next column, labeled "Adjusted Hours," reflects any reduction and provide the time for which recovery is sought. Johnson Decl. ¶¶ 11-13.

Foundation's favor, before this Court (Doc. 61 at 10; Doc. 87 at 7 n.10), and the First Circuit, *Pub. Int. Legal Found., Inc. v. Bellows*, 2024 U.S. App. LEXIS 2416 at *22 (1st Cir. 2024). The preemption issues were also resolved entirely in the Foundation's favor, before this Court (Doc. 87 at 8-16), and the First Circuit, *Bellows*, 2024 U.S. App. LEXIS 2416 at *29-*39. The Foundation thus obtained "excellent results" and should recover its full fee, *Hensley*, 461 U.S. at 435, minus the reductions previously described.

The Court's dismissal of Count I (*see* Doc. 88) does not change the excellent nature of the Foundation's success. When the Secretary moved to dismiss the Amended Complaint, she acknowledged that Exception J was meant to give Foundation the relief it sought in the complaint:

> [A]bsent a change to the state law making CVR data confidential, *see* 21-A M.R.S. § 196-A(1), PILF was not entitled to obtain it. In June 2021, however, the Legislature enacted just such a change. The new law allows groups like PILF to obtain increased access to CVR data to evaluate Maine's compliance with its list-maintenance obligations under the NVRA.

(Doc. 58 at 1-2.) In other words, Count I of the Amended Complaint was dismissed because the Foundation had achieved its initial goal. There is nothing unsuccessful about such a result.

For similar reasons, time and expenses incurred prior to the passage of Exception J (and the filing of the Amended Complaint) are compensable. The Supreme Court is clear: "The result is what matters." *Hensley*, 461 U.S. at 435. "In this litigation, the plaintiff achieved what only can be described as a smashing success and, therefore, he should 'recover a fully compensatory fee.'" *Trainor v. HEI Hosp., LLC*, 699 F.3d 19, 36 (1st Cir. 2012) (quoting *Hensley*, 461 U.S. at 435).

The Foundation's work in the pre-Exception J phase was necessarily incurred in the successful prosecution of this action because without such work there would have been no Exception J, and no need to amend the complaint. In other words, "the relief obtained justified that expenditure of attorney time." *Hensley*, 461 U.S. at 435 n.11.

Likewise, the Foundation's attorneys' time spent pursuing a settlement in this matter is also compensable.[3] *See Vital Basics, Inc. v. Vertrue, Inc.*, Nos. 05-65-P-S, 04-20734, 2007 U.S. Dist. LEXIS 32951, at *11 (D. Me. May 3, 2007) ("Absent some sort of proffer that either Vertrue's counsel did not participate in settlement or mediation in good faith or that the amount of time Vertrue's counsel spent on settlement far exceeded reasonable limits, the Court finds that Vertrue's attorneys are entitled to recover fees for the time spent on mediation and settlement negotiations that were unfortunately unsuccessful."); *see also Miller v. Holzmann*, 575 F. Supp. 2d 2, 29 (D.D.C. 2008) ("[S]ubstantial authority supports relator's claim to compensation for his attorneys' pursuit of settlement, whatever the ultimate outcome.") (collecting cases in footnote); *Couch v. Cont'l Cas. Co.*, No. 06-80 (WOB), 2008 U.S. Dist. LEXIS 2327, at *12 (E.D. Ky. Jan. 11, 2008) ("This court finds that settlement discussions are an ordinary part of the litigation process. Thus, the court holds that awarding attorney fees incurred as a result of reasonable settlement efforts is proper under 29 U.S.C. § 1132(g)(1).").

### C. The Hourly Rates Are Reasonable.

The Foundation is a non-profit, public interest law firm, and it was primarily represented by its own attorneys in this action. The Supreme Court explains, "It is in the interest of the public that such law firms be awarded reasonable attorneys' fees to be computed in the traditional manner when its counsel perform legal services otherwise entitling them to the award of attorneys' fees." *Blum*, 465 U.S. at 895. Therefore, the reasonable hourly rate is based on the "prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-

---

[3] Initial settlement discussions were court ordered. (*See* Doc. 10 at 3 (directing the Foundation to "make a written settlement demand upon the defendant(s) by July 20, 2020.").)

profit counsel," like the Foundation. *Id.*; *Norton v. Lakeside Family Practice, P.A.*, No. 05-36-P-S, 2005 U.S. Dist. LEXIS 18923, at *44 (D. Me. Aug. 31, 2005) (same).

A reasonable hourly rate should be in accord with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11. "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line" with the rates charged by those lawyers. *Id*. Also, "the Court may rely on its own knowledge of the local legal market." *Norton*, 2005 U.S. Dist. LEXIS 18923, at *4 (citing *Andrade v. Jamestown Hous. Auth.*, 82 F.3d 1179, 1190 (1st Cir. 1996)). In a similar action, the Central District of Illinois explained,

> The market rate is "the rate that lawyers of similar ability and experience in their community normally charge their paying clients for the type of work in question." Id. at 604 (quoting *Spegon*, 175 F.3d at 555). "Community," as the word is used for market rate purposes, means more than just the local market area; it also refers to "a community of practitioners." *Jeffboat, LLC v. Dir., Off. of Workers' Comp. Programs*, 553 F.3d 487, 490 (7th Cir. 2009). This is especially true when, as here, "the subject matter of the litigation is one where the attorneys practicing it are highly specialized and the market for legal services in that area is a national market." *Id*.

*Public Interest Legal Foundation. v. Matthews*, Case 3:20-cv-03190, Doc. 49 at 5 (June 8, 2022.)

The Foundation has complied with these standards by requesting an hourly rate of $450 per hour for Attorneys Johnson, Phillips, Nixon, and Riordan, Johnson Decl. ¶¶ 4-7, and $360 per hour for Attorney Whiting, Whiting Decl. ¶ 3. These rates are reasonable and comparable to the rates charged by similar lawyers in the District of Maine for this type of litigation, according to Bruce Hepler, an attorney who practices in this district. Affidavit of Bruce Hepler ¶ 11.

After billing judgments, as of March 24, 2024, the Foundation reasonably requests compensation in the amount of $185,040.00 for its attorneys' work on the merits and $10,476.00 for Attorney Whiting's work on the merits. Johnson Decl. ¶ 17; Whiting Decl. ¶ 9.

### D. The Foundation Is Entitled to Recover Costs and Expenses in Addition to Attorney's Fees.

The NVRA provides that prevailing parties are entitled to recovery of "litigation expenses and costs." 52 U.S.C. § 20510(c). The Foundation has submitted itemized reports of the expenses necessarily incurred in this litigation. *See* Exhibit B to Johnson Decl.; Exhibit A to Whiting Decl. The Foundation reasonably requests reimbursement in the amount of $4,875.20 for its expenses and $623.22 for Attorney Whiting's expenses. Johnson Decl. ¶ 16; Whiting Decl. ¶ 8.

### E. The Foundation Is Entitled to Recover Attorney's Fees Associated with the Preparation of this Motion.

The First Circuit has "repeatedly held that time reasonably expended in connection with fee applications is itself compensable[.]" *Brewster v. Dukakis*, 3 F.3d 488, 494 (1st Cir. 1993). Accordingly, in addition to the time spent on the case-in-chief, the Foundation's counsel is seeking to recover for the time spent preparing the fee petition and supporting documentation. *See* Exhibit A to Johnson Decl. Because, sometimes, "fees for such work are often calculated at lower rates than those deemed reasonable for the main litigation, *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 340 (1st Cir. 2008), the Foundation is seeking reimbursement for this work at lower hourly rate ($300 per hour). As of March 24, 2024, the Foundation reasonably requests $2,160.00 for its work on the fee petition. Johnson Decl. ¶ 18. The Foundation intends to supplement this amount with additional fees incurred in preparing this Motion and any other compensable work that may arise hereafter.

### CONCLUSION

For the foregoing reasons, the Court should award the Foundation attorney's fees, costs, and expenses as requested herein.

Dated: March 27, 2024.

                                              Respectfully submitted,

                                              /s/ Noel H. Johnson
                                              Noel H. Johnson* (Wisconsin Bar #1068004)
                                              Kaylan L. Phillips* (Indiana Bar #30405-84)
                                              Public Interest Legal Foundation, Inc.
                                              107 S. West Street, Ste. 700
                                              Alexandria, VA 22314
                                              Tel: (703) 745-5870
                                              njohnson@PublicInterestLegal.org
                                              kphillips@PublicInterestLegal.org
                                              *Admitted pro hac vice*

                                              /s/ *Steve C. Whiting*
                                              Steve C. Whiting
                                              The Whiting Law Firm
                                              75 Pearl Street, Ste. 207
                                              Portland, ME  04101
                                              Tel: (207) 780-0681
                                              Fax: (207) 780-0682
                                              steve@whitinglawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2024, I electronically filed the foregoing using the Court's ECF system, which will serve notice on all parties.

 /s/ Noel H. Johnson
Noel H. Johnson
Counsel for Plaintiff
njohnson@PublicInterestLegal.org