**United States District Court**
**District of Maine**

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.** | |
| *Plaintiff,* | |
| *v.* | |
| **SHENNA BELLOWS,** in her official capacity as the Secretary of State for the State of Maine | Case No. 1:20-cv-00061-GZS |
| *Defendant.* | |

<u>**Declaration of Noel H. Johnson**</u>

I, Noel H. Johnson, make the following declaration pursuant to 28 U.S.C. § 1746:

1.      I am an attorney at the Public Interest Legal Foundation ("Foundation"). The Foundation is a 501(c)(3) public interest law firm based in Alexandria, Virginia that served as plaintiff and counsel in this action. The Foundation specializes exclusively in elections and voting issues and its lawyers have extensive experience litigating cases under the law that governed this action—the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §§ 20501 *et seq*.

2.      I and other Foundation lawyers provided services on behalf of the Foundation in this action. As lead counsel, I performed or directed most of the work on this case. I am thus familiar with the work performed by other Foundation lawyers at all stages of the litigation.

3.      This declaration is submitted in support of the Foundation's Motion for Attorney's Fees, Costs, and Expenses and attests to the accuracy and necessity of the fees, costs, and expenses incurred by the Foundation in the successful prosecution of this action.

4.      I am currently Litigation Counsel for the Foundation. I graduated *cum laude* from Marquette University Law School in 2010, after which I joined The Bopp Law Firm, where I

1

specialized in campaign finance and constitutional law. In that role, I litigated cases to protect the constitutional rights of individuals, associations, corporations, and political groups in federal and state courts throughout the country. I joined the Foundation in 2012. I specialize in litigation, education, and research related to elections and voting. In addition to this action, I have served as counsel in numerous cases to enforce the NVRA, including the public records provision upon which this case is based. Those cases include:

*American Civil Rights Union v. Clarke County, Mississippi Election Commission*, No. 2:14-cv-101 (S.D. Miss, filed July 27, 2015).

*American Civil Rights Union v. Rodriguez*, No. 7:16-cv-103 (S.D. Tex., filed March 4, 2016).

*Virginia Voters Alliance, Inc. v. Leider*, Civ. No. 16-395 (E.D. Va., filed April 7, 2016).

*Public Interest Legal Foundation v. Reed*, No. 1:16-cv-1375 (E.D. Va., filed Oct. 31, 2016).

*Public Interest Legal Foundation v. Haake*, No. 3:16-836 (E.D. Va., filed Oct. 31, 2016).

*Public Interest Legal Foundation v. Bennett*, No. 4:17-cv-00981 (S.D. Tex., filed March 29, 2018).

*Public Interest Legal Foundation v. Bell*, No. 5:19-cv-248 (E.D.N.C., filed June 17, 2019).

*Public Interest Legal Foundation v. Lamone*, No. 1:19-cv-3564 (D. Md., filed Dec. 16, 2019).

*Public Interest Legal Foundation v. Bellows*, No. 1:20-cv-61 (D. Me., filed Feb. 19, 2020).

*Public Interest Legal Foundation v. Voye*, No. 2:20-cv-279 (W.D. Pa., filed Feb. 24, 2020).

*Public Interest Legal Foundation v. Benson*, No. 1:21-cv-00929 (W.D. Mich., filed Nov. 3, 2021).

*Public Interest Legal Foundation v. Evans*, No. 1:21-cv-03180 (D.D.C., filed Dec. 6, 2021).

*Public Interest Legal Foundation v. Griswold*, No. 1:21-cv-03384 (D. Co., filed Dec. 16, 2021).

*Public Interest Legal Foundation v. Meyer*, No. 1:22-cv-00001 (D. Ak., filed Jan. 20, 2022).

*Public Interest Legal Foundation v. Ardoin*, No. 3:22-cv-00081 (D. La., filed Feb. 4, 2022).

*Public Interest Legal Foundation v. Way*, No. 3:22-cv-02865 (D. N.J., filed May 17, 2022).

*Public Interest Legal Foundation v. Toulouse Oliver*, No. 1:23-cv-00169 (D. N.M., filed Feb. 27, 2023).

*Public Interest Legal Foundation v. Nago*, No. 1:23-cv-00389 (D. Haw., filed Sept. 9, 2023).

My work has also been published in law journals, *e.g.*, *Resurrecting Retrogression: Will Section 2 of the Voting Rights Act Revive Preclearance Nationwide?*, 12 Duke J. Const. L. & Pub. Pol'y

1, 6 (2017), and by media outlets, such as the Washington Examiner, The Hill, and National Review. I have also provided written and oral testimony before governmental bodies regarding election and voting issues. *E.g.*, Testimony of Noel H. Johnson before the House State Government Committee on Noncitizen Registration and Voting in the Commonwealth, October 25, 2017, *available at* https://publicinterestlegal.org/pilf-files/Johnson-Oct-17-Testimony.pdf. I regularly contribute to Foundation reports concerning elections, voting, and related issues. *See* https://publicinterestlegal.org/category/reports/. I am a member of the bar of the State of Wisconsin and various federal District Courts, and I am admitted to practice in the United States Courts of Appeal for the First, Third, Fourth, Sixth, Eighth, Ninth, Tenth, and District of Columbia Circuits.

The Foundation is seeking reimbursement at a rate of $450 per hour for my work on the merits, an hourly rate that is reasonable in the District of Maine for litigation of this type, according to attorney Bruce Hepler, whose affidavit is filed with the Foundation's fee petition. The Foundation is seeking reimbursement at a rate of $300 per hour for my work on the fee petition.

5.      Kaylan L. Phillips is Litigation Counsel for the Foundation. She graduated from The University of Tulsa College of Law in 2008, after which she joined The Bopp Law Firm, where she specialized in campaign finance and constitutional law. In that role, she litigated cases to protect constitutional rights in federal and state courts throughout the country. She joined the Foundation in 2012. She specializes in litigation, education, and research related to elections and voting. She is a member of the bar in Oklahoma, Indiana, and the District of Columbia. She is also a member of the bar of the United States Supreme Court, the United States Court of Appeals for the Second, Third, Fourth, Fifth, Eighth, Ninth, Eleventh, and District of Columbia Circuits, as well as many United States District Courts. In addition to this action, she has served as counsel in

3

numerous cases to enforce the NVRA, including the public records provision upon which this case

is based:

> *American Civil Rights Union v. Rodriguez*, No. 7:16-cv-103 (S.D. Tex., filed March 4, 2016).
>
> *Voter Integrity Project NC, Inc. v. Wake County Board of Elections*, No. 5:16-cv-00683 (E.D. N.C., filed July 18, 2016).
>
> *Public Interest Legal Foundation v. Bell*, No. 5:19-cv-248 (E.D.N.C., filed June 17, 2019).
>
> *Public Interest Legal Foundation v. Winfrey*, No. 2:19-cv-13638 (E.D. Mich., fled Dec. 10, 2019).
>
> *Public Interest Legal Foundation v. Bellows*, No. 1:20-cv-61 (D. Me., filed Feb. 19, 2020).
>
> *Public Interest Legal Foundation v. Sandvoss*, No. 3:20-cv-03190 (C.D. Ill., filed July 27, 2020).
>
> *Public Interest Legal Foundation v. Benson*, No. 1:21-cv-00929 (W.D. Mich., filed Nov. 3, 2021).
>
> *Public Interest Legal Foundation v. Evans*, No. 1:21-cv-03180 (D.D.C., filed Dec. 6, 2021).
>
> *Public Interest Legal Foundation v. Griswold*, No. 1:21-cv-03384 (D. Co., filed Dec. 16, 2021).
>
> *Public Interest Legal Foundation v. Meyer*, No. 1:22-cv-00001 (D. Ak., filed Jan. 20, 2022).

She was also counsel for the plaintiff in *Bellitto v. Snipes*, No. 0:16-cv-61474 (S.D. Fla., filed June

27, 2016), which, to the Foundation's knowledge, involved the first ever trial over the NVRA's

voter list maintenance obligations. She has also authored or co-authored *amicus curiae* briefs in

election law litigation throughout the country. Her work has been published by media outlets such

as The Hill, Fox News, and SCOTUSBlog. She has also provided written and oral testimony before

the U.S. House of Representatives regarding election and voting issues. *See* Testimony of Kaylan

L. Phillips before the United State House Committee on Oversight and Reform, Subcommittee on

Civil Rights and Civil Liberties, May 1, 2019, *available at* https://publicinterestlegal.org/pilf-

files/House-Oversight-Committee-Testimony-of-Kaylan-Phillips-May-1-2019.pdf.

      The Foundation is seeking reimbursement at a rate of $450 per hour for her work on the

merits, an hourly rate that is reasonable in the District of Maine for litigation of this type, according

to attorney Bruce Hepler, whose affidavit is filed with the Foundation's fee petition. The

Foundation is seeking reimbursement at a rate of $300 per hour for Ms. Phillips's work on the fee petition.

6.     Joseph Nixon is currently Litigation Counsel for the Foundation. Mr. Nixon received a Bachelor of Science in Economics from Texas A&M University (1978) and a J.D. from St. Mary's School of Law (1982). He is Board Certified in Civil Trial Law by the Texas Board of Legal Specialization, having earned that accreditation in 1991. His practice areas have included issues involving political law, First Amendment and free speech, civil rights, redistricting, election law, governmental law, separation of powers, and class actions involving civil rights. He has represented several presidential candidates, a governor, a U.S. Senator, several congressmen, a lieutenant governor, state senators and representatives, elected justices and judges, counties, cities and candidates. He is admitted to the State Bar of Texas, the Supreme Court of the United States, the United States Court of Appeals for the Fourth and Fifth Circuits, the United States District Courts for the Northern, Southern, Eastern and Western Districts of Texas, the District of Columbia, the Western District of Michigan, and the District of Hawaii. Mr. Nixon's cases include the following:

*Perry v. Judd*, 471 F. App'x. 219 (4th Cir. 2012)
*Petteway v. Henry*, No. 12-40856 (5th Cir. 2013)
*Henry v. Cox*, 520 S.W. 2d 28 (Tex. 2017)
*Petteway v. Galveston Co.*, No. 23-40582 (5th Cir. 2023)
*T.L., a minor v. Cook's Children's Medical Center*, 607 S.W. 3d 9 (Tex. App. – 4th Dist. 2020)
*Petteway v. Galveston Co.*, No. 3:13-cv-00308 (S.D. Tex. – Galveston Div. 2022)
*Public Interest Legal Foundation v. Benson*, No. 1:21-cv-00929 (W.D. Mich., filed Nov. 3, 2021).
*Public Interest Legal Foundation v. Nago*, No. 1:23-cv-00389 (D. Haw., filed Sept. 9, 2023).

The Foundation is seeking reimbursement at a rate of $450 per hour for his work on the merits, an hourly rate that is reasonable in the District of Maine for litigation of this type, according to attorney Bruce Hepler, whose affidavit is filed with the Foundation's fee petition.

7.      Maureen Riordan is currently Litigation Counsel for the Foundation. She has been a licensed attorney since 1986. After spending 15 years as a prosecutor in New York, she began working as a trial attorney at the Department of Justice. For twenty-one years, Ms. Riordan continued in that capacity while specializing in litigating all aspects of the Voting Rights Act as well as the National Voter Registration Act, Help America Vote Act and the Uniformed and Overseas Citizens Absentee Voting Act. She also served as Senior Counsel to the Attorney General for Civil Rights until her retirement from the Department in 2021. Ms. Riordan joined the Foundation in 2021. She specializes in litigation, education, and research related to elections and voting. In addition to this action, she has served as counsel in numerous cases to enforce the NVRA, including the public records provision upon which this case is based. Those cases include:

> *Public Interest Legal Foundation v. Ardoin*, No. 3:22-cv-00081 (D. La., filed Feb. 4, 2022).
> *Public Interest Legal Foundation v. Way*, No. 3:22-cv-02865 (D. N.J., filed May 17, 2022).
> *Public Interest Legal Foundation v. Toulouse Oliver*, No. 1:23-cv-00169 (D. N.M., filed Feb. 27, 2023)
> *Public Interest Legal Foundation v. Nago*, No. 1:23-cv-00389 (D. Haw., filed Sept. 9, 2023).

The Foundation is seeking reimbursement at a rate of $450 per hour for her time, an hourly rate that is reasonable in the District of Maine for litigation of this type, according to attorney Bruce Hepler, whose affidavit is filed with the Foundation's fee petition.

8.      As part of the Foundation's normal business practice, Foundation attorneys tracked the time they worked on this matter. Foundation attorneys contemporaneously recorded descriptions of the services or tasks performed. These records were made and kept by the attorney

with personal knowledge of the entries. Each entry was made on or around the date the work was performed. If an entry requires creation or adjustment at a later date, Foundation attorneys made every effort to ensure accuracy by referring to time records kept by other attorneys, or to other verifiable time records, such as flight schedules and transcripts.

9.     A chart compiling the time expended by Foundation attorneys and the description of the work is attached as Exhibit A to this declaration (the "Foundation Billing Statement"). The Foundation Billing Statement truly and accurately reflects the time-keeping records of the Foundation attorneys who performed worked on behalf of the Foundation in this action.

10.     I have reviewed and am familiar with the relevant time-keeping records. The services described in the Foundation Billing Statement were reasonably and necessarily performed in pursuit of the Foundation's claims on the merits and in pursuit of attorney's fees, costs, and expenses under the NVRA's fee-shifting provision.

11.     The time expended for each task performed is accurately listed in the Foundation Billing Statement under the column-heading "Gross Hours." The service or task performed is accurately described in the Foundation Billing Statement under the column-heading "Comment."

12.     In the reasonable exercise of billing judgment, the Foundation is not seeking reimbursement for certain billing entries. These reductions were made for time spent on certain tasks that were deemed excessive, duplicative, redundant, inefficient, not directly related to the case, not sufficiently detailed, or which in the exercise of reasonable billing judgment, the Foundation has agreed not to seek recovery for one reason or another.

13.     Where billing judgments were made, the "Gross Hours" incurred by the Foundation were adjusted, resulting in the "Adjusted Hours," which reflect any reduction and provide the amount of time for which recovery is sought.

14.     In total, the Foundation has excluded 18.4 hours from its request, which results in a reduction of $8,280 from total amount of fees incurred. *See* Exhibit A.

15.     Because the Foundation's attorneys are not admitted to practice law in Maine, they were required to associate with a local attorney to file and prosecute this action. Portland-based attorney Stephen Whiting served as the Foundation's local counsel. Mr. Whiting's time and expenses are discussed and documented in the Declaration of Stephen C. Whiting filed along with the Foundation's fee petition.

16.     The Foundation also incurred expenses in the prosecution of this case. Those expenses are truly and accurately listed in Exhibit B to this declaration (the "Foundation Expense Report"). It is the Foundation's normal practice to track and bill for each of these expenses separately and each of the expenses for which reimbursement is sought was reasonably and necessarily incurred in the successful prosecution of the Foundation's case. The total amount of costs and expenses incurred by the Foundation to date is $4,875.20.[1]

17.     To date, the total amount requested for merits work performed by Foundation attorneys is $185,040.00.

18.     To date, the total amount requested for fee petition work performed by Foundation attorneys is $2,160.00.

19.     To date by, the total amount of fees, costs, and expenses requested by the Foundation is $192,075.20.

20.     The Foundation plans to submit documentation for the remaining work in this matter with a Supplemental Motion when that work is completed.

---

[1] This amount includes a reduction for $124.30 in costs taxed by the First Circuit Court of Appeals. *See* Exhibit B.

I affirm under penalty of perjury that the foregoing is true and correct. Executed on this 27th day of March 2024.

 /s/ Noel H. Johnson
Noel H. Johnson