UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHENNA BELLOWS, in her official capacity as the Secretary of State for the State of Maine, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:20-cv-00061-LEW |

## ORDER ON MOTION FOR ATTORNEYS' FEES AND SUPPLEMENTAL FEE MOTION

The matter comes before the Court on Plaintiff Public Interest Legal Foundation's Motion for Attorney's Fees, Costs, and Expenses (ECF No. 101) and Motion to Supplement Motion for Attorney's Fees, Costs, and Expenses (ECF No. 106). Plaintiff requests a fee award of $205,206.00, and a reimbursement of costs and expenses totaling $6,548.42. The request is supported by billing records and probative evidence in the form of attorney affidavits, billing records, and receipts. Defendant Shenna Bellows, Secretary of State for the State of Maine, agrees that Plaintiff is a prevailing party entitled to a fee award, but opposes the amount of the request based on objections concerning the requested hourly rates; full-rate billing for non-core work (*e.g.*, fee-petition work and travel); allegedly excessive expenses; the Legislature's mooting of Count 1 through post-complaint legislation; and unproductive summary judgment work designed to resurrect Count 1.

Plaintiff, in reply, contends, among other things, that the Secretary's reliance on hourly rates applied in past fee litigation even when adjusted for inflation produces an unreasonable downward adjustment in its request and observes that the Secretary's core versus non-core arguments call for an application of judicial discretion rather than mechanical rules dictated by precedent.

The prevailing party in litigation arising under the National Voter Registration Act is entitled to an award of a reasonable attorney's fee and recovery of the reasonable costs and expenses of litigation. 52 U.S.C. § 20510(c). The presumptive reasonable fee award is measured by multiplying a reasonable hourly rate by the number of attorney hours reasonably expended on the litigation effort. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Pérez-Sosa v. Garland*, 22 F.4th 312, 321 (1st Cir. 2022); *League of Women Voters of Missouri v. Ashcroft*, 5 F.4th 937, 939 (8th Cir. 2021). The district court may in its discretion adjust the lodestar calculation by means of a "final corrective gesture." *Pérez-Sosa*, 22 F.4th at 321.

I have considered Plaintiff's proposed lodestar calculation and the evidence supplied in support of it, along with the Secretary's challenges, which challenges would cut the fee award roughly in half. I am mindful, as well, that "flexibility is the hallmark of the lodestar approach," *Matalon v. Hynnes*, 806 F.3d 627, 639 (1st Cir. 2015), and that the First Circuit has "refrained from prescribing hard and fast rules for fee awards in order to ensure that district courts are not left to drown in a rising tide of fee-generated minutiae," *Id.* (internal quotation marks omitted). The goal is not "auditing perfection" and the district court "may use estimates" in reaching a reasonable fee award. *Pérez-Sosa*, 22 F.4th at 322

(quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).  Nonetheless, "the order awarding fees . . . must expose the district court's thought process and show the method and manner underlying its decisional calculus."  124 F.3d 331, 337 (1st Cir. 1997).

Based on these varied considerations, and loosely following the Secretary's chart of her own calculus (see PageID # 1097), the fee motions will be granted in an amount that moderately adjusts counsel's hourly rate downward to $375, agrees with the Secretary's request concerning in-house, non-core activities, leaves untouched local counsel's fee, adjusts downward by roughly one-half fees associated with travel (rejecting the Secretary's request to eliminate 19 of those hours), agrees with the Secretary's request concerning the appropriate hourly rate for fee-petition work, reduces the award slightly (5%) apropos unproductive work on Count 1, adds in a further fee for supplemental fee-petition work, and concludes with a final rounding gesture.  The requested reimbursement for the fees and expenses of litigation will be awarded in full.  The resulting award is reasonable in my estimation.

Accordingly, Plaintiff's Motion for Attorney's Fees, Costs, and Expenses (ECF No. 101) and Motion to Supplement Motion for Attorney's Fees (ECF No. 106) are GRANTED in the following amounts.

| | |
|---|---|
| Attorney's Fees award: | $153,000.00 |
| Fees and expenses of litigation: | $   6,548.42 |

SO ORDERED.

Dated this 16th day of August, 2024

/s/ Lance E. Walker
Chief U.S. District Judge